UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH SMITH,<br>      Petitioner,<br><br>v.<br><br>COLLETTE M. GOGUEN,<br>      Respondent, | CIVIL ACTION<br>NO. 16-11785-TSH |

# ORDER
September 25, 2017

**HILLMAN, D.J.**

## Background

Joseph Smith ("Smith" or "Petitioner") has filed a petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition"). Petitioner contemporaneously filed a Motion To Hold Habeas Corpus Petition In Abeyance (Docket No. 3). For the reasons forth below, that motion is *denied*, without prejudice.

## Discussion

In *Rose v. Lundy*, 455 U.S. 509, 518-19, 102 S.Ct. 1198 (1982), the Supreme Court held that a federal district court could not adjudicate a mixed habeas corpus petition, that is a habeas petition containing both exhausted and unexhausted claims. Instead, a petitioner was given the option of deleting the unexhausted claims, or voluntarily dismissing the petition and returning to state court to fully exhaust his claims. Once all claims were exhausted, the petitioner could refile his petition in the federal court. However, as part of the Antiterrorism and Effective Death

Penalty Act of 1996 ("AEPDA"), Congress adopted a one-year statute of limitations for the filing of fully-exhausted claims in a federal habeas petition and did not provide for the tolling of the limitations period while a habeas petition was pending in federal court. *See Duncan v. Walker*, 533 U.S. 167, 181-82, 121 S.Ct. 2120 (2001). Consequently, petitioners who come to federal court with a mixed petition run the risk of forever losing their opportunity for any federal review of their unexhausted claims. This is because dismissal of a timely filed federal habeas petition containing unexhausted claims after the limitations period has expired will likely mean the termination of any federal review. This is also true where the district court dismisses the petition close to the end of the one-year period because at that point, it is unlikely the petitioner will be able to exhaust his claims in state court before the limitations periods runs. To remedy this problem, the Supreme Court, in *Rhines,* approved a "stay and abeyance" procedure whereby rather than dismissing a mixed petition, a district court can stay the petition and hold it in abeyance while the petitioner prosecutes the unexhausted claims. Once all of the claims have been exhausted, the district court can lift the stay and adjudicate the petition.

Smith has filed a motion seeking a stay and abeyance in which he states that he has filed a motion for new trial pursuant to Mass.R.Crim.P. 30(b) in Massachusetts State Court raising four additional grounds for relief. He requests that this Court stay these proceedings to allow him to exhaust these new grounds for relief: If the state court denies his motion for new trial, he will seek to amend his Petition to include the four new grounds for relief.

In *Rhines v. Weber*, 544 U.S. 269, 277, 125 S.Ct. 1528 (2005), the Supreme Court recognized that applying the "stay and abeyance" procedure too frequently could undermine Congress' intent under the AEDPA to encourage finality in criminal proceedings and to streamline

the federal habeas process. Thus, to obtain a stay of a mixed petition, the petitioner must show that there was "good cause" for failing to exhaust the state remedies, the claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory tactics. *Id.* at 278, 125 S.Ct. 1528. There is little authority on what constitutes "good cause" for failing to exhaust state remedies. Relevant cases from the First Circuit make clear the bar for petitioners is high. *See Josselyn,* 475 F.3d at 5 (1st Cir. 2007)(finding that appellate attorney's erroneous belief that claims had already been exhausted was insufficient to show good cause for a stay). A petitioner's *pro se* status, in and of itself, cannot establish good cause. *See Sullivan v. Saba*, 840 F.Supp.2d 429, 437 (D.Mass. 2012).

Smith's bare bone's motion does not address whether there is good cause for his failure to timely exhaust these claims in state court. Additionally, Smith has not included the factual or legal underpinnings of his new claims and for that reason, the Court cannot evaluate whether he has been dilatory with respect to pursuing them in State court, or whether they are meritorious. For these reasons, Smith's motion for a stay is denied, without prejudice.[1]

---

[1] Part 12 of the Petition instructs the Petitioner to: "state every ground on which you claim that you are being held in violation of the Constitution, laws or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground." *See* Petition*,* at ¶12. Part 12 also contains a warning concerning the filing of claims which have not been exhausted in state court and for failing to include all claims. Rather than stating the grounds on which he seeks relief, Petition has incorporated a copy of a brief which he attached to the Petition; it is not clear what the brief is in support of, nor in what court it was originally filed (Respondent states that the brief was filed in support of Petitioner's appeal to the Massachusetts Appeals Court). The Respondent has filed a Motion For A More Definite Statement, Or In The Alternative, For A Dismissal Of The Petition (Docket No. 15). I have granted Petitioner's request for an extension of time to respond to this motion.

As pointed out by the Respondent in her memorandum in support of her motion, Petitioner has not complied with the instructions contained in Part 12 of the Petition, which makes it difficult for her and the Court to determine whether Petitioner's claims have been exhausted. Moreover, the Petition does not include the four additional claims referenced by the Petitioner in his motion for stay and abeyance and therefore, it is impossible to determine if the Petition is premature. Therefore, Petitioner should be aware that I am inclined to grant the Respondent's motion, at least to the extent that it requests that he clarify his Petition. Therefore, in his response to the motion, Petitioner should, at the very least, provide a more definite statement as to Part 12 of his Petition by *stating with specificity*: (1) each ground for relief for which he alleges he is being held in violation of the U.S.

## Conclusion

The Motion To Hold Habeas Corpus Petition In Abeyance (Docket No. 3) is ***denied***, without prejudice.

/s/ ***Timothy S. Hillman***
TIMOTHY S. HILLMAN
U.S. DISTRICT JUDGE

---

Constitution; and (2) the facts and supporting each such ground. Petitioner is on notice that if he does not address the concerns raised by the Respondent in her pending motion, the Court will consider dismissing his Petition.