UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH SMITH,<br>        Petitioner,<br><br>v.<br><br>COLLETTE M. GOGUEN,<br>        Respondent, | CIVIL ACTION<br>NO. 16-11785-TSH |

ORDER
January 16, 2018

**HILLMAN, D.J.**

## Background

Joseph Smith ("Smith" or "Petitioner") has filed a petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition"). The Respondent has filed a motion for more definite statement pursuant to Fed.R.Civ.P. 12(e), or in the alternative, for a dismissal of the Petition (Docket No. 15). Petitioner has filed a second motion to hold his Petition in abeyance (Docket No. 23). For the reasons forth below, the Respondent's motion for a more definite statement is *allowed,* and the Petitioner's second motion to hold his Petition in abeyance is *denied*.

## Discussion

### Respondent's Motion for a More Definite Statement

On September 15, 2017, Smith filed a motion for an extension of time to file a response to the Respondent's motion for a more definite statement, or in the alternative to dismiss the Petition. On September 22, 2017, I granted that motion and gave him until November 6, 2017. A few days later, on September 25, 2017, I issued an Order (Docket No. 22)("Prior Order"), denying Petitioner's first motion to hold his Petition in abeyance, in which I stated that:

> As pointed out by the Respondent in her memorandum in support of her motion, Petitioner has not complied with the instructions contained in Part 12 of the Petition, which makes it difficult for her and the Court to determine whether Petitioner's claims have been exhausted. Moreover, the Petition does not include the four additional claims referenced by the Petitioner in his motion for stay and abeyance and therefore, it is impossible to determine if the Petition is premature. Therefore, Petitioner should be aware that I am inclined to grant the Respondent's motion, at least to the extent that it requests that he clarify his Petition. Therefore, in his response to the motion, Petitioner should, at the very least, provide a more definite statement as to Part 12 of his Petition by *stating with specificity*: (1) each ground for relief for which he alleges he is being held in violation of the U.S. Constitution; and (2) the facts [] supporting each such ground. Petitioner is on notice that if he does not address the concerns raised by the Respondent in her pending motion, the Court will consider dismissing his Petition.

*Prior Order*, at p. 3, no. 1.

To date, Petitioner has not filed his response. Accordingly, I am allowing Respondent's motion for a more definite statement. On or before February 23, 2018, Petitioner shall file an amended Petition: (1) setting forth with specificity each ground for relief for which he alleges he is being held in violation of the U.S. Constitution, *and* the facts supporting each such ground; and (2) curing any other deficiencies in his Petition identified by the Respondent's motion. If

Petitioner fails to comply with this Order, then the Respondent should file a renewed motion to dismiss the Petition.

## The Second Motion to Hold the Petition in Abeyance

In my Prior Order, I have set forth the law applicable to the treatment of a mixed habeas, *i.e.,* a habeas petition containing both exhausted and unexhausted claims. In denying Petitioner's first motion to hold his Petition in abeyance, I noted that his "bare bone's motion does not address whether there is good cause for his failure to timely exhaust these claims in state court," and that he had "not included the factual or legal underpinnings of his new claims and for that reason, the Court cannot evaluate whether he has been dilatory with respect to pursuing them in State court, or whether they are meritorious." In his second motion, Petitioner has asserted that he had good cause for not exhausting his claims in state court: (1) he is uneducated and must *now* rely on the help of other, (2) he was unaware that his trial counsel was ineffective for not hiring an expert; (3) his appellate counsel was ineffective for not seeking review by the Supreme Judicial Court of Massachusetts of issues he raised in his appeal to the Massachusetts Appeals Court, and (4) he will need time to raise these issues in state court. Smith falls far short of satisfying the narrow "good cause" exception set forth in *Rhines v. Weber*, 544 U.S. 269, 277, 125 S.Ct. 1528 (2005), as he again has failed to include the factual and legal underpinning of his claims sufficient for the Court to make a determination of whether any such claims may be meritorious. Therefore, his motion is denied.

**Conclusion**

It is hereby Ordered that:

(1) Respondent Colette Goguen's Motion For A More Definite Statement Or In The Alternative, For A Dismissal Of The Petition is ***allowed***, as provided in this Order; and

(2) The Motion To Hold Habeas Corpus Petition In Abeyance (Docket No. 23) is ***denied***.

/s/ *Timothy S. Hillman*
TIMOTHY S. HILLMAN
U.S. DISTRICT JUDGE