UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH SMITH,<br>    Petitioner,<br><br>v.<br><br>COLLETTE M. GOGUEN,<br>    Respondent, | CIVIL ACTION<br>NO. 16-11785-TSH |

ORDER
December 12, 2018

**HILLMAN, D.J.**

### Background

Joseph Smith ("Smith" or "Petitioner") filed a petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition"). At the same time, he filed a motion to hold the Petition in abeyance pending the State Court's ruling on his motion for new trial which raised four new issues. That motion was denied as Smith has not established good cause for his failure to timely exhaust his new claims, *See* Docket No. 22. In response to the Petition, the Respondent filed a motion for more definite statement pursuant to Fed.R.Civ.P. 12(e), or in the alternative, for a dismissal of the Petition (Docket No. 15). Petitioner filed a second motion to hold his Petition in abeyance (Docket No. 23). The Court allowed the Respondent's motion for more

definite statement, and denied Smith's second motion to hold his Petition in abeyance. In so doing, I ordered that on or before February 23, 2018, Petitioner file an amended Petition: (1) setting forth with specificity each ground for relief for which he alleges he is being held in violation of the U.S. Constitution, *and* the facts supporting each such ground; and (2) curing any other deficiencies in his Petition identified by the Respondent's motion. *See Order*, dated January 16, 2018 (Docket No. 25)("Prior Order"). In response, on February 6, 2018, Petitioner filed a Motion To [sic] Leave To Amend Petition For Writ of Habeas Corpus (Docket No. 26). By Order dated September 6, 2018 (Docket No. 29)("Prior Order"), that motion was denied for failure to comply with my Order dated January 16, 2018, *i.e.*, the proposed amended petition failed to cure the previously identified deficiencies. I gave Petitioner one last opportunity to file an amended petition "that properly and adequately sets forth the grounds on which he seeks relief." Additionally, I forewarned Petitioner "that 'see Attachment' will not suffice," and that he "must also set for the facts which support each stated ground for relief." *See Prior Order*, at p. 3. This Order addresses Petitioner's Motion for Leave To Amend Petition For Writ of Habeas Corpus Pursuant to 28 U.S.C. §2254 (Docket No. 30). For the reasons set forth below, that motion is denied.

#### Discussion

Petitioner seeks to file an amended "mixed-petition" in which Ground One is fully exhausted and Grounds Two through Four are still pending before the Massachusetts Appeals Court. However, the proposed amended petition does not comply with my Prior Order, as, with the exception of Counts One and Four, it does not set forth with specificity each ground for relief

I

for which he alleges he is being held in violation of the U.S. Constitution, *and* the facts supporting each such ground.

More specifically, as to Ground Two, Petitioner does not provide the state ground for relief, rather he states "Not at this time." At the same time, he indicates that his Rule 30 motion for a new trial was denied as to this ground and was appealed to the Massachusetts Appeals Court and remains pending before that court. Presumably, he is abandoning this ground for relief-- in any event, he has not complied with my Prior Order with respect thereto. As to Ground Three, where it asks him to state his grounds for relief, Petitioner states "See Attachment 1," which both violates my Prior Order *and* is not attached. Petitioner again provides only minimal factual background with regard to Ground Three in which he asserts that the unreasonable application of clearly established federal law in regards the prosecutor's comments which violated the holding in *United States v. Young,* 470 U.S. 1, 105 S.C.t 1038 (1985). Petitioner acknowledges that Ground Three is not exhausted. As noted previously, Petitioner has substantially complied with my Order with regards to Counts One and Four in which he identifies the grounds for relief and states the factual basis for those claims. However, he also makes clear that Ground Four of the Petition is not exhausted.

Since Plaintiff has complied with my Prior Order regarding Ground One, which is the only ground for relief which is fully exhausted, I am reluctant to dismiss his Petition outright. However, Petitioner is out of chances with respect to his unexhausted claims. Therefore, I will permit him one last opportunity to file an amended petition that pursues only his exhausted claim, that is, Petitioner must delete all un exhausted claims. If he fails to do so, then his Petition ***will be dismissed with prejudice***.

I

Petition shall file a new motion seeking leave to amend his Petition in accordance with this Order on or before February 1, 2019; the motion shall include a copy of the proposed amended petition. If the Petitioner fails to do so, his Petition will be dismissed with prejudice. Additionally, should Petitioner seek leave to file a proposed amended petition that fail to comply with this Order that will also result in dismissal of his Petition, with prejudice. Petitioner is on notice that this is his last opportunity to comply with this Court's Order.

## Conclusion

It is hereby Ordered that:

The Motion for Leave To Amend Petition For Writ of Habeas Corpus Pursuant to 28 U.S.C. §2254 (Docket No. 30) is *denied*, without prejudice, as provided in this Order.

*/s/ Timothy S. Hillman*
TIMOTHY S. HILLMAN
U.S. DISTRICT JUDGE

I